IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, 1331 F Street, NW, Suite 900 Washington, DC 20004, <br><br>    Plaintiff, <br><br>    v. <br><br>U.S. DEPARTMENT OF JUSTICE, 950 Pennsylvania Avenue, NW Washington, DC 20530, <br><br>    Defendant. | Civil Action No. _____ |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the body-worn camera ("BWC") policies of Department of Justice ("DOJ") law enforcement components and records relating to the implementation and oversight of each component's policies.

2. CREW seeks declaratory relief that Defendant has violated FOIA by failing to timely respond to CREW's requests, and injunctive relief requiring Defendant to immediately process and release the requested records.

## Jurisdiction and Venue

3. This Court has subject-matter jurisdiction and personal jurisdiction under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

5.     Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of those efforts, CREW uses government records it obtains under FOIA.

6.     Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1). The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Drug Enforcement Administration ("DEA"), Federal Bureau of Investigation ("FBI") and United States Marshals Service ("USMS") are law enforcement components of DOJ. DOJ has possession, custody, and control of records responsive to CREW's FOIA requests.

## Factual Background

7.     On June 7, 2021, Deputy Attorney General Lisa Monaco issued a memorandum to then-ranking officials of DOJ law enforcement components ATF, DEA, FBI and USMS directing each agency to develop and submit for review within 30 days a plan for implementing the use of body-worn cameras.[1]

---

[1] Memorandum from the Deputy Attorney General: Body-Worn Camera Policy, June 7, 2021, https://www.justice.gov/dag/page/file/1402061/download.

8. Specifically, the memorandum called for each component's policy to address the use of body-worn cameras by their respective agents during pre-planned law enforcement operations involving encounters with the public.[2]

9. Each component's body-worn camera policy was required to include:
- The responsibilities for Department agents to carry, operate, maintain, and secure the equipment, including when to activate and deactivate BWCs;
- The type(s) of BWC equipment authorized for use;
- The duration of time and scope of the BWC footage preserved prior to its activation (i.e., buffering period);
- Specialized or sensitive investigative techniques or equipment that may require different treatment under the BWC policy;
- Procedures governing the collection, storage, access, retention, use, and dissemination of BWC recordings, consistent with applicable federal laws;
- Procedures governing the use of BWCs by all members of Department-sponsored task forces; and
- Procedures for the expedited public release of recordings in cases involving serious bodily injury or death.

10. Each component was further directed to:
- Submit for the approval of the Department's Chief Privacy and Civil Liberties Officer a Privacy Impact Assessment of the component's planned use of BWCs and associated equipment prior to implementation of its BWC policy, and a plan for annual privacy reviews;
- Consult with the Office of Records Management to ensure the component's BWC policy is fully compliant with all records-related laws, regulations, rules, policies, and guidance;
- Work with the Justice Management Division to assess resource requirements to fully implement its BWC policy and build upon the resources allocated to the Department to support BWC usage in FY22;
- Design evaluation metrics that can be used to measure the impact of its BWC policy.

11. Further, each component was directed to designate a senior official with responsibility for the implementation and oversight of its respective body-worn camera policy

---

[2] *Id*.

and to immediately ensure that DOJ-sponsored task force partners were made aware of DOJ's October 29, 2020 policy permitting state and local officers on DOJ task forces to wear and activate body-worn cameras.[3]

12.     To help answers questions about these issues, CREW submitted FOIA requests on September 13, 2021 to ATF, DEA, FBI and USMS.

### *FOIA Requests to ATF, DEA, FBI, USMS*

13.     On September 13, 2021, CREW submitted four materially identical FOIA requests to ATF, DEA, FBI, and USMS seeking the following:

1. [ATF, DEA, FBI, USMS] body-worn camera (BWC) policy and phased implementation plans, as required by the June 7, 2021 memorandum from Deputy Attorney General Lisa Monaco (June 2021 DAG Memo).

2. Records sufficient to identify the designated senior official with responsibility for implementation and oversight of [ATF, DEA, FBI, USMS] BWC policy, per the June 2021 DAG Memo.

3. Any related communications between [ATF, DEA, FBI, USMS] and DOJ concerning the following items and their inclusion in the [ATF, DEA, FBI, USMS] BWC policy:
   a. The responsibilities for [ATF, DEA, FBI, USMS] agents to carry, operate, maintain, and secure equipment, including when to activate and deactivate BWCs.
   b. The type(s) of BWC equipment authorized for use.
   c. The duration of time and scope of the BWC footage preserved prior to its activation in the "buffering period".
   d. Procedures governing the collection, storage, access, retention, use, and dissemination of [ATF, DEA, FBI, USMS] BWC recordings.
   e. Procedures governing the use of BWCs by all members of [ATF, DEA, FBI, USMS]-sponsored task forces.
   f. Procedures for expedited public release of recordings in cases involving serious bodily injury or death.

4. The Privacy Impact Assessment and plan for annual privacy reviews relating to the use of BWCs and associated equipment, as required by the June 2021 DAG Memo.

---

[3] *Id.; see also* Department of Justice Announces the Use of Body-Worn Cameras on Federal Task Forces, October 29, 2020, https://www.justice.gov/opa/pr/department-justice-announces-use-body-worn-cameras-federal-task-forces.

5. All communications reflecting any consultation by [ATF, DEA, FBI, USMS] with the Office of Records Management for the purpose of ensuring that the [ATF, DEA, FBI, USMS] BWC policy is fully compliant with all recordkeeping laws, regulations, rules, policies, and guidance.

6. All communications between [ATF, DEA, FBI, USMS] and the Justice Management Division concerning resources required for full implementation of [ATF, DEA, FBI, USMS] BWC policy.

7. All records reflecting [ATF, DEA, FBI, USMS] efforts to design evaluation metrics to measure the impact of its BWC policy.

8. All communications between [ATF, DEA, FBI, USMS] and any state or local task-force partners, alerting said task-force partners about the creation or implementation of its BWC policy.

14. Each of CREW's requests sought a fee waiver.

15. By letter dated November 9, 2021, ATF acknowledged receipt of CREW's request and assigned it tracking number 2021-0948.

16. By letter dated September 20, 2021, DEA acknowledged receipt of CREW's request, assigned it tracking number 21-00655-F, determined that certain portions of CREW's request did not reasonably describe the records sought and invoked a 10-working day extension to its response deadline due to "unusual circumstances."

17. By email dated September 24, 2021, CREW refuted DEA's determination that its request did not comply with the "reasonably describes" requirement pursuant to 5 U.S.C. § 552(a)(3)(A).

18. By email dated September 27, 2021, DEA indicated that it would proceed with a search for records.

19. By letter dated September 20, 2021, FBI acknowledged receipt of CREW's request and assigned it tracking number 1505050-000.

20. By letter dated September 28, 2021, FBI stated that a portion of CREW's request did not reasonably describe the records sought and closed CREW's request.

21. By letter dated September 14, 2021, USMS acknowledged receipt of CREW's request, assigned it tracking number 2021-USMS-362780, and granted CREW's request for a fee waiver.

22. By letter dated September 22, 2021, USMS stated that certain portions of CREW's request did not reasonably describe the records sought and requested clarification.

23. By email on October 8, 2021, CREW refuted USMS's determination that its request did not comply with the "reasonably describes" requirement pursuant to 5 U.S.C. § 552(a)(3)(A).

24. By email on October 14, 2021, USMS indicated that it would proceed with a search for records.

25. To date, CREW has received no additional communications from Defendant regarding its September 13, 2021 FOIA requests.

## CREW'S CLAIM FOR RELIEF

### COUNT I
### DOJ's Wrongful Withholding of Records Responsive to
### CREW's FOIA Requests

(ATF Tracking No. 2021-0948)
(DEA Case No. 21-00655-F)
(FBI FOIAPA Request No. 1505050-000)
(USMS FOIA No. 2021-USMS-362780)

26. CREW repeats and re-alleges the foregoing paragraphs.

27. In its September 13, 2021 FOIA request, CREW properly asked for records within the possession, custody, and control of DOJ and its component ATF.

28. In its September 13, 2021 FOIA request, CREW properly asked for records within the possession, custody, and control of DOJ and its component DEA.

29. In its September 13, 2021 FOIA request, CREW properly asked for records within the possession, custody, and control of DOJ and its component FBI.

30. In its September 13, 2021 FOIA request, CREW properly asked for records within the possession, custody, and control of DOJ and its component USMS.

31. DOJ, ATF, DEA, FBI and USMS are wrongfully withholding records responsive to CREW's FOIA requests.

32. DOJ, ATF, DEA, FBI and USMS have failed to conduct adequate searches in response to CREW's FOIA requests.

33. By failing to timely release all requested records in full to CREW, DOJ, ATF, DEA, FBI and USMS are in violation of FOIA.

34. CREW is therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the records requested in its September 13, 2021 FOIA requests to DOJ, ATF, DEA, FBI and USMS.

## Requested Relief

WHEREFORE, CREW respectfully requests that this Court:

1. Order Defendant to immediately and fully process CREW's FOIA requests and disclose all non-exempt documents to CREW;

2. Issue a declaration that CREW is entitled to immediate processing and disclosure of the requested records;

3. Provide for expeditious proceedings in this action;

4. Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

5. Award CREW its costs and reasonable attorneys' fees in this action; and

6.      Grant such other relief as the Court may deem just and proper.

Date: January 21, 2022

Respectfully Submitted,

/s/ *Nikhel S. Sus*
Nikhel S. Sus
(D.C. Bar No. 1017937)
Laura Iheanachor
(Pending D.C. Bar Admission)
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
1331 F Street NW, Suite 900
Washington, DC 20004
Telephone: (202) 408-5565
Fax: (202) 588-5020
nsus@citizensforethics.org

*Counsel for Plaintiff*